IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PREFERRED POPULATION HEALTH MANAGEMENT, LLC (USCIS CASE # WAC1814751787),**<br><br>9951 Crosspoint Blvd.<br>Suite 300<br>Indianapolis, IN 46256<br><br>       **Plaintiff,**<br><br>vs.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**;<br><br>Serve:  U.S. Citizenship & Immigration<br>       Services<br>       425 I. Street, N.W., Room 6100<br>       Washington, D.C. 20536<br><br>**L. FRANCIS CISSNA**, in his official capacity as Director of U.S. Citizenship and Immigration Services;<br><br>Serve:  U.S. Citizenship & Immigration<br>       Services<br>       425 I. Street, N.W., Room 6100<br>       Washington, D.C. 20536<br><br>**KATHY A. BARAN**, in her official capacity as Director of the California Service Center, U.S. Citizenship and Immigration Services;<br><br>Serve:  U.S. Citizenship & Immigration<br>       Services<br>       California Service Center<br>       Laguna Niguel, CA 92607 | Case No. 1:19-cv-700 |

and,

**WILLIAM P. BARR**, in his official capacity as Attorney General of the United States,

Serve: William P. Barr, Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

**Defendants.**

## COMPLAINT

Plaintiff Preferred Population Health Management, LLC asserts his cause of action against Defendants U.S. Citizenship & Immigration Services, L. Francis Cissna, Kathy A. Baran and William P. Barr and the as follows.

1. Plaintiff Preferred Population Health Management, LLC is an Indiana limited liability company.

2. Plaintiff filed a Petition for a Nonimmigrant Worker (USCIS Form I-129) with Defendant U.S. Citizenship & Immigration Services ("USCIS") on or about April 12, 2018.

3. Plaintiff sought a change of status for their temporary worker, Gargi Thakker.

4. Section 101(a)(15(H)(i)(b) of the Immigration & Nationality Act provides that a foreign born individual such as Gargi Thakker may obtain a temporary work visa known as an H1b if they are working in a specialty occupation.

5. The I-129 petition sought to classify Gargi Thakker as a software developer team manager so that Plaintiff could employ Gargi Thakker from October 1, 2018 through September 9, 2021.

6. Plaintiff carried the burden of proof of demonstrating that the job of software developer team manager constituted a specialty occupation under the regulations. The law required Plaintiff to make such a showing by a preponderance of the evidence.

7. Because of the limited number of H1b visas, a lottery is held every year by USCIS after the April 1 filing deadline.

8. Despite the odds, Plaintiff's H1b was selected by USCIS in its annual lottery.

9. On October 18, 2018, USCIS issued a request for evidence, seeking additional information regarding whether or not Gargi Thakker was eligible for an H1b visa in the specialty occupation of software developer team manager.

10. Plaintiff filed a complete and thorough response to the request for evidence on January 10, 2019.

11. On February 12, 2019, USCIS erroneously denied the application for change of status to that of H1b employment visa holder. Attached as Exhibit A.

12. Said denial included several pages of boilerplate language before turning to the merits of the case.

13. In the denial, USCIS claims that Gargi Thakker will be "placed at one or more thirty-party worksites." Ex. A, Denial, p. 3. This statement is in error and contrary to any evidence in the record.

14. Plaintiff's application made no mention of working in third-party worksites because all of the work was going to be performed at Plaintiff's work place in Indiana.

15. The denial notice states that "USCIS notes that H-1B petitions do not establish a worker's eligibility for H-1B classification if they are based on speculative employment or do not

3

establish the actual work the H-1B beneficiary will perform at the third-party worksite." Ex. A, Denial, p. 4.

16. However, Plaintiff had no intention and never asked for an H-1b so that Gargi Thakker could work at a third-party worksite.

17. These statements are completely contrary to the evidence submitted and the record below.

18. The denial goes on to state that Plaintiff had "not submitted documentation to warrant the requirement for the beneficiary's services." Ex. A, Denial, p. 5. This statement is also erroneous as Plaintiff submitted overwhelming evidence that the work to be performed by Gargi Thakker was of a specialty nature, namely that of leading the software development team.

19. Again, the denial states that "[t]he present record does not demonstrate the specific duties the beneficiary [Gargi Thakker] would perform under contract for your clients." This statement is clearly erroneous as well as Plaintiff's application made no mention of thirt-party placement and there is no work being performed under contract for any *clients*.

20. USCIS has made an erroneous final decision to deny the change of status for Plaintiff's worker, Gargi Thakker.

21. The Plaintiff has no further remedies to pursue.

22. The Plaintiff seeks judicial review under the Administrative Procedures Act of the denial of Plaintiff's Petition for a Nonimmigrant Worker (Form I-129) and an order that the application be approved. Plaintiff also asks the Court to declare that Defendants' decision violated the Administrative Procedure Act because it was arbitrary and capricious.

## PARTIES

23. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file immigrant visa applications as well as motions to reconsider earlier decisions.

24. Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS. Cissna is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cissna is sued in his official capacity as an agent of the government of the United States.

25. Defendant Kathy A. Baran, Director of the California Service Center of the USCIS, is the highest ranking official within the California Service Center. Baran is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Baran is sued in her official capacity as an agent of the government of the United States.

26. Defendant William P. Barr is the Attorney General of the United States who is sued only in his official capacity, as well as his successors and assigns. The Department of Justice is headquartered at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

## JURISDICTION AND VENUE

27. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, 28 U.S.C. §1651, and the APA, 5 U.S.C. § 500 et seq.

28. Venue is proper pursuant to 5 U.S.C. 703 (West 2019) as this suit challenges decisions by Defendant USCIS and its employees. The Headquarters of Defendant USCIS is within this judicial district.

29. Plaintiff and its worker, Gargi Thakker, will suffer irreparable injury if this application for change of status is not approved because Plaintiff already relies heavily upon the expertise of Gargi Thakker who is currently working for Plaintiff through the optional practical training program.

30. The denial notice, if allowed to stand, will produce a manifest injustice as it is based entirely upon faulty application of the law to an erroneous misstatement of the facts.

31. Moreover, before issuing the denial, USCIS did not issue a Notice of Intent to Deny. This failure is in violation of the law and deprived Plaintiff of the opportunity to address the Defendants' clear misunderstanding of the substance of the application - namely, that this is a direct hire situation and in no way involved work for third parties.

32. There are no adequate review procedures that would allow Garki Thakker to remain in the United States and continue working for Plaintiff. This will result in a complete disruption of Plaintiff's business and represents a miscarriage of justice.

33. Plaintiff has already provided evidence to USCIS that refutes the single ground for Denial listed in the Denial Notice issued to Plaintiff. Plaintiff's application was denied due to USCIS error and miscalculation. This erroneous decision should not be allowed to stand.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. Plaintiff has exhausted all of its administrative remedies. There are no further administrative remedies that Plaintiff can seek directly.

35. Plaintiff has no right to appeal this decision, and the option to file a Motion to Reopen or Reconsider is not an adequate form of administrative review. Further, such avenue of relief does not constitute a remedy available as of right within the meaning of 8 U.S.C. §1252(d)(1), therefore Plaintiff is not required to file a Motion to Reopen or Reconsider in order to exhaust administrative remedies.

### COUNT I - ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 500 et seq.)

36. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

37. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 500 et seq.

38. The documents filed by Plaintiff established that the worker was employed in a specialty occupation and the denial issued by USCIS was contrary to the law and to the evidence submitted.

39. Defendants denied the application because they refused and/or failed to consider the evidence submitted by Plaintiff.

40. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act by denying Plaintiff's application.

41. Plaintiff has exhausted all administrative remedies available to it as a matter of right.

42. Plaintiff has no other recourse to judicial review other than by this action.

43. Plaintiff has suffered and continues to suffer injury in the form of unreasonable denial of the application and the loss of its opportunity to employ a worker who is clearly employed in a specialty occupation.

### COUNT II - FIFTH AMENDMENT (PROCEDURAL DUE PROCESS)

44. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

45. Plaintiff's compliance with the statutory and regulatory requirements established in Section 101(a)(15(H)(i)(b) of the Immigration & Nationality Act vests in them a constitutionally protected property and liberty interest.

46. This constitutionally-protected property or liberty interest triggers procedural due process protection.

47. Defendants' failure to give Plaintiff a meaningful opportunity to challenge this denial violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

48. Plaintiff has suffered and continues to suffer injury in the form of unreasonable denial of the application due to USCIS error.

## COUNT III - DECLARATORY JUDGMENT
## VIOLATION OF INA 8 CFR 103.2(b)(16)(i)

49. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

50. 8 CFR 103.2(b)(16)(i) requires that "If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she **shall be advised** of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding." [emphasis added].

51. The grounds for denying Plaintiff's application was the alleged work to be performed at third-party sites.

52. However, Defendants never issued a notice of intent to deny related to this issue.

53. Because of this violation, Plaintiff has suffered and continues to suffer injury in the form of unreasonable denial of his adjustment of status and being compelled to leave his job and his home and leave the country due to USCIS error.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Preferred Population Health Management, LLC respectfully requests that this Court grant the following relief:

1. Accept jurisdiction and review of the USCIS decision to deny the application for change of status;

2. Declare that Defendants' decision violated the Administrative Procedure Act because it was arbitrary and capricious.

3. Declare that USCIS's decisions to deny the application for change of status filed by Plaintiff was unlawful, a violation of the Immigration and Nationality Act and the relevant regulations, and a violation of the United States Constitution;

4. Order that USCIS shall be enjoined from denying the application for Plaintiff's worker;

5. Order USCIS to approve the application for change of status filed by Plaintiff;

6. Grant attorneys fees and costs pursuant to the Equal Access to Justice Act;

7. Grant such other relief as may be just and reasonable.

RESPECTFULLY SUBMITTED

this 13th Day of March, 2019

**Hacking Law Practice, LLC**

*/s/ James O. Hacking, III*

James O. Hacking, III - MO Bar # 46728
10900 Manchester Rd., Suite 203
St. Louis, MO 63122
Phone: 314.961.8200
Email: jim@hackinglawpractice.com

ATTORNEYS FOR PLAINTIFFS