February 12, 2019



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590

 U.S. Citizenship and Immigration Services

PREFERRED POPULATION HLTH MGMT LLC
c/o CHRISTOPHER M WILLIAMS VP
9951 CROSSPOINT BLVD STE 300
INDIANAPOLIS, IN 46256



WAC1814751787

A111-687-183

Form I-129, Petition for a Nonimmigrant Worker

## DECISION

On April 12, 2018, your organization, PREFERRED POPULATION HLTH MGMT LLC, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify THAKKER, GARGI (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA) with a concurrent request for change of status.

It is ordered by the Director of the California Service Center, USCIS, that the change of status requested in behalf of the beneficiary be denied because the nonimmigrant visa petition filed in behalf of the beneficiary has been denied.

The beneficiary may remain in the current nonimmigrant status until the expiration date indicated on Form I-94. Should the beneficiary fail to maintain nonimmigrant status, or said status expires, the beneficiary must depart the United States.

If you file a motion or appeal of the Form I-129 denial with USCIS, and if USCIS subsequently reopens and approves the Form I-129, and if the beneficiary is otherwise eligible for the change of status, USCIS will, on its own motion, grant the requested change of status. THERE IS NO FEE REQUIRED FOR THIS ACTION.

If the beneficiary has any questions concerning immigration services and benefits, the beneficiary may telephone 1-800-375-5283 or for TTY 1-800-767-1833.

If you disagree with this decision, you may file a motion to reopen or reconsider with a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about

February 12, 2019

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



**U.S. Citizenship and Immigration Services**

PREFERRED POPULATION HLTH MGMT LLC
c/o CHRISTOPHER M WILLIAMS VP
9951 CROSSPOINT BLVD STE 300
INDIANAPOLIS, IN 46256



WAC1814751787



A111-687-183

Form I-129, Petition for a Nonimmigrant Worker

### DECISION

On April 12, 2018, your organization, PREFERRED POPULATION HLTH MGMT LLC, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify THAKKER, GARGI (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA) with a concurrent request for change of status.

It is ordered by the Director of the California Service Center, USCIS, that the change of status requested in behalf of the beneficiary be denied because the nonimmigrant visa petition filed in behalf of the beneficiary has been denied.

The beneficiary may remain in the current nonimmigrant status until the expiration date indicated on Form I-94. Should the beneficiary fail to maintain nonimmigrant status, or said status expires, the beneficiary must depart the United States.

If you file a motion or appeal of the Form I-129 denial with USCIS, and if USCIS subsequently reopens and approves the Form I-129, and if the beneficiary is otherwise eligible for the change of status, USCIS will, on its own motion, grant the requested change of status. THERE IS NO FEE REQUIRED FOR THIS ACTION.

If the beneficiary has any questions concerning immigration services and benefits, the beneficiary may telephone 1-800-375-5283 or for TTY 1-800-767-1833.

If you disagree with this decision, you may file a motion to reopen or reconsider with a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about



regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*[signature: Kathy A. Baran]*

Kathy A. Baran
Director, California Service Center

February 12, 2019



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590

**U.S. Citizenship and Immigration Services**

PREFERRED POPULATION HLTH MGMT LLC
c/o CHRISTOPHER M WILLIAMS VP
9951 CROSSPOINT BLVD STE 300
INDIANAPOLIS, IN 46256



WAC1814751787



A111-687-183

Form I-129, Petition for a Nonimmigrant Worker

## DECISION

On April 12, 2018, your organization, PREFERRED POPULATION HLTH MGMT LLC, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify THAKKER, GARGI (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

INA § 101(a)(15)(H)(i)(b) provides, in part, for the classification of a qualified nonimmigrant:

> …who is coming temporarily to the United States to perform services…in a specialty occupation described in section 214(i)(1)…, who meets the requirements for the occupation specified in section 214(i)(2)…, and with respect to whom the Secretary of Labor determines and certifies…that the intending employer has filed with the Secretary an application under section 212(n)(1).

You seek new employment for the beneficiary and requested that USCIS change the beneficiary's status.

You stated on the Form I-129 that you are a software applications developer business with 5 employees. You seek to employ the beneficiary as a Software Developer Team Manger from October 1, 2018 to September 9, 2021.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought. Accordingly, USCIS issued a Request for Evidence (RFE) on October 18, 2018.

On January 10, 2018, you submitted a response.

After careful review and consideration of the entire record, based on a preponderance of the evidence, the petition will be denied for the reasons discussed below.

**Services in a Specialty Occupation**

The issue to be discussed is whether the position offered to the beneficiary qualifies as a specialty occupation and that the beneficiary will perform services in a specialty occupation for the requested period of intended employment.

INA § 214(i)(1) defines "specialty occupation" as follows, in relevant part:

> ...the term "specialty occupation" means an occupation that requires-
>
> (A) theoretical and practical application of a body of highly specialized knowledge, and
>
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 CFR § 214.2(h)(4)(ii) defines a specialty occupation to mean:

> ...an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

Pursuant to 8 CFR § 214.2(h)(4)(iii)(A), to qualify as a specialty occupation, the position must meet one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

When you seek H-1B classification for the beneficiary, you must show that the beneficiary will perform services in a specialty occupation. A specialty occupation is defined as one that requires the theoretical and practical application of a body of highly specialized knowledge and the attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

The regulations at 8 CFR § 214.2(h)(4)(iii)(A) further clarify how a position can qualify as a specialty occupation. However, it should be noted that 8 CFR § 214.2(h)(4)(iii)(A) must logically be read together with INA § 214(i)(1) and 8 CFR § 214.2(h)(4)(ii). Hence, the criteria stated in 8 CFR § 214.2(h)(4)(iii)(A) should logically be read as being necessary but not necessarily sufficient to meet the statutory and regulatory definition of specialty occupation. To otherwise interpret this section as stating the necessary and sufficient conditions for meeting the definition of specialty occupation would result in particular positions meeting a condition under 8 CFR § 214.2(h)(4)(iii)(A) but not the statutory or regulatory definition. To avoid this illogical result, 8 CFR § 214.2(h)(4)(iii)(A) must

therefore be read as providing supplemental criteria that must be met in accordance with, and not as alternatives to, the statutory and regulatory definitions of specialty occupation. As such and consistent with INA § 214(i)(1) and the regulation at 8 CFR § 214.2(h)(4)(ii), USCIS consistently interprets the term "degree" in the criteria at 8 CFR § 214.2(h)(4)(iii)(A) to mean not just any bachelor's or higher degree, but one in a specific specialty that is directly related to the proffered position. Applying this standard, USCIS regularly approves H-1B petitions for qualified nonimmigrants who are to be employed as engineers, computer scientists, certified public accountants, college professors, and other such occupations. These professions, for which petitioners have regularly been able to establish a minimum entry requirement in the United States of a bachelor's or higher degree in a specific specialty or its equivalent directly related to the duties and responsibilities of the particular position, fairly represent the types of specialty occupations that Congress contemplated when it created the H-1B visa category.

USCIS does not use a title, by itself, when determining whether a particular position qualifies as a specialty occupation. The specific duties of the proffered position, combined with the nature of your business operations are factors that USCIS considers. USCIS must examine the ultimate employment of the beneficiary and determine whether the position qualifies as a specialty occupation. The critical element is not the title of the position or an employer's self-imposed standards but whether the position actually requires the theoretical and practical application of a body of highly specialized knowledge, and the attainment of a bachelor's or higher degree in the specific specialty as the minimum for entry into the occupation, as required by the INA.

Each position is evaluated based upon the nature and complexity of the actual job duties to be performed with that specific employer. In addition, the beneficiary's obtainment of a degree in a related area does not guarantee the position is a specialty occupation. Further, performing specialty occupation duties that are incidental to the primary functions is insufficient to establish that the duties to be performed qualify as a specialty occupation.

Through detailed descriptions of the beneficiary's duties, USCIS may discern the nature of the position and whether the position requires the theoretical and practical application of a body of highly specialized knowledge attained through attainment of at least a bachelor's degree or higher in a specific discipline. Although you are requesting to classify the beneficiary as a nonimmigrant employed in a specialty occupation, you are not the entity that will be providing such duties to the beneficiary.

Hence, such detailed descriptions of the beneficiary's duties may come from but is not limited to documents such as contractual agreements, statements of work, work orders, service agreements, and/or letters from authorized officials of the ultimate client companies where the beneficiary will work that describe, in detail, the duties that the beneficiary will perform and the qualifications that are required to perform the job duties. From this evidence, USCIS will determine whether the duties require the theoretical and practical application of a body of highly specialized knowledge, and the attainment of a bachelor's or higher degree, or its equivalent, in the specific specialty as the minimum for entry into the occupation as required by the INA.

Subsequent to the filing of the petition, USCIS requested that you provide additional evidence that included a list of suggested evidence to establish the actual duties to be performed by the beneficiary and that the position meets the standards to qualify as a specialty occupation.

If the beneficiary will be placed at one or more third-party worksites, you must demonstrate that you have specific and non-speculative qualifying assignments in a specialty occupation for the beneficiary for the entire time requested on the petition. You will need to show that:

- You have a specific work assignment in place for the beneficiary;
- The petition is properly supported by a Labor Condition Application (LCA) that corresponds to such work; and
- The actual work to be performed by the beneficiary will be in a specialty occupation based on the work requirements imposed by the end-client who uses the beneficiary's services. *See Defensor v. Meissner*, 201 F.3d 384, 387 (5th Cir. 2000).

USCIS notes that H-1B petitions do not establish a worker's eligibility for H-1B classification if they are based on speculative employment or do not establish the actual work the H-1B beneficiary will perform at the third-party worksite. Uncorroborated statements by your organization, without additional corroborating evidence, are often insufficient to establish by a preponderance of the evidence that the beneficiary will actually perform specialty occupation work.

The record contains the following documents regarding the specialty occupation:

- A response letter from your counsel;
- A letter from your COO;
- A letter from your company's Vice-President confirming offer of employment;
- Copy of job description;
- A certified Labor Condition Application (LCA);
- Copy of an employment offer letter;
- Copies of articles and brochures regarding your business;
- Copy of your proposal for cloud based software solution;
- Copies of your presentations;
- Copy of your organizational chart, and photos of business premises; and
- Copy of corporate documentation including tax records and lease agreement



In the instant petition, you indicated that the beneficiary will be employed in-house as a Software Developer. However, the record of proceedings lacks documentation regarding the actual work that the beneficiary will perform to sufficiently substantiate the claim that the petitioner has H-1B caliber work for the beneficiary for the period of employment requested in the petition.

You initially provided a brief job description of the proffered position which states, in part, as follows:

"Job Description-Software Development Team Lead. The Software Development Team Lead will be part of an agile development team, building and working on enterprise grade software systems on top of the Microsoft .NET development stack. The Software Development Team Lead will provide technical and team leadership through coaching and mentorship."

In response to the RFE, your counsel states in reference to your business:

"As described in the above material, Preferred designs and helps to implement a "software application, Preferred Population Health Logistics (PHL)... Our software platform is designed to assess, monitor, guide care and resource utilization to ensure optimal clinical, chronic care and social outcomes."

Although you provided information regarding your business through articles and brochures, and copies of presentations regarding your business presented in conferences; these documents do not define the terms and conditions and describe the projects and services to be performed by the beneficiary, nor were supplemented by documentation identifying specific projects in which the duties would be applied, describing the particular components of those projects that are so complex or

unique as to satisfy the criterion for a specialty occupation, and explaining why those components were so complex or unique that their performance necessitates a person with at least a bachelor's degree in a specific specialty.

You submitted a copy of your proposal for cloud based software solution; however, you did not specifically explain the duties and role of the proffered position in the context of this project. Notably, the beneficiary's name, job title, or job schedule, are not mentioned in the proposal, nor in any of the documentation you provided.

Further, you have not submitted documentation to warrant the requirement for the beneficiary's services. Instead, you simply submitted a job description without providing information as the nature of the work the beneficiary will perform, provide a project overview, or list any team member with the specific job title. Nor did you provide additional information about team members, such as the number of total members, their names, or job duties. Nor did you include the project's budget (including the hourly and yearly pay rates for team members). These aspects of the record further lead us to question whether you, the petitioner, can, and will, assign the beneficiary to the in-house project on a full-time basis for the entire three-year validity period.

In sum, you have not adequately explained and documented what the beneficiary will do for the entire validity period requested. Therefore, you have not demonstrated the availability of work for the beneficiary, or the substantive nature of the work that he will perform to establish that the position offered qualifies as a specialty occupation and that the beneficiary will perform services in a specialty occupation at your business premises for the requested period of intended employment.

The present record does not demonstrate the specific duties the beneficiary would perform under contract for your clients. The court in *Defensor v. Meissner*, 201 F. 3d 384 (5th Cir. 2000) held that for purposes of determining whether a proffered position is a specialty occupation, a petitioner acting in a similar manner as your organization is merely a "token employer," while the entity for which the services are to be performed is the "more relevant employer." The *Defensor* court recognized that evidence of the client companies' job requirements is critical where the work to be performed is for an entity other than your organization. Accordingly, the court held that the legacy Immigration and Naturalization Service (now USCIS) had reasonably interpreted the INA and regulations to require that a petitioner produce evidence that the proffered position qualifies as a specialty occupation on the basis of the requirements imposed by the entities using the beneficiary's services.

The record, as presently constituted, is insufficient to establish that the position offered to the beneficiary qualifies as a specialty occupation and that the beneficiary will perform services in a specialty occupation for the requested period of intended employment.

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reason.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*Kathy A. Baran*

Kathy A. Baran
Director, California Service Center